1  Hon. James L. Smith (Ret.)
   JAMS
2  500 N. State College Blvd.
   14th Floor
3  Orange, CA 92868
   Telephone: (714) 939-1300
4  Fax: (714) 939-8710

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL - 2 2009
SDM

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PERFORMANCE CREDIT CORPORATION, f/k/a "ENCORE CREDIT CORP.", a California corporation; and ECC CAPITAL CORPORATION, a Maryland corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EMC MORTGAGE CORPORATION, a Delaware corporation; BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. SACV07-383 DOC (RNBx)<br><br>REPORT AND RECOMMENDATION OF DISCOVERY REFEREE<br><br>(June 29, 2009) |

The undersigned, having been appointed Discovery Referee/Special Master (Referee) in the above entitled matter to consider and offer recommendations to the Court regarding discovery disputes, submits this Report and Recommendation in regard to the Motion to Compel Further Responses to Defendants' Request for Production of Documents, Set 3, filed on behalf of Defendants EMC Mortgage Corporation and Bear Stearns Residential Mortgage Corporation

1

(collectively "Defendants"). The requests for production are directed to Plaintiff, ECC Capital Corporation (ECC). Although the motion addressed herein was discussed in various telephonic conferences there was no formal hearing conducted and the matter was submitted to the Referee for consideration based solely upon the written briefs.

## REPORT

The motion which is the subject of this report addresses the responses of Plaintiff ECC to Request For Production Nos. 85-88, 93-99, 104, 109, 111, and 112. Through the meet and confer process issues relating to Request Nos. 85, 86, 93, 94 and 109 have been resolved, leaving Request Nos. 87, 88, 95-99, 104, 111 and 112 to be addressed in this report.

Plaintiffs, in their operative pleadings, have alleged that during the period mid-2006 through February of 2007 Plaintiffs and Defendants were negotiating regarding the purchase of Plaintiffs' mortgage origination business by Defendants (Negotiations). It is Plaintiffs' contention the various agreements (Interim Agreements) that are the subject of this action were entered into to provide interim financial support for the ongoing operations of Plaintiffs during the Negotiations. A description of these Interim Agreements and the manner in which they were implemented is contained in the Report and Recommendation of June 6, 2009, beginning at page 3, line 21, through page 4, line 11, and will not be repeated herein. Defendants requests for production focus on various documents that relate to the Negotiations and the Interim Agreements.

Request No. 87

Request No. 87 seeks documents relating or referring to meetings of the Board of Directors (Board) of Plaintiff Encore Credit Corporation (Encore) that took place during the Negotiations. ECC has agreed to produce the minutes of all Board Meetings during the period specified, but is resisting production of all documents that relate or refer to said Board Meetings, contending that the request in this regard is overly broad and seeks documents that have no identified discovery relevance.

While documents relating to or referring to matters discussed at the Board Meetings regarding the Negotiations and/or the Interim Agreements are clearly relevant for discovery purposes, it is equally clear that many documents totally lacking in discovery relevancy would fall within the scope of Defendants' request for production. Examples of document lacking discovery relevancy would include those relating to internal operations, human resources or personnel matters, discussions of various regulatory agency rules and requirements, and marketing strategies and programs that do not relate to the Negotiations or the Interim Agreements.

The Referee will recommend that further responses be required, but limited only to documents relating to Board discussion of the Interim Agreements or the Negotiations.

Request No. 88

Request No. 88 seeks documents relating or referring to internal discussions regarding the sale of Plaintiffs and/or the assets of Plaintiffs during the period of the Negotiations. ECC's response asserts they have produced all such documents, but do not identify those documents, either by Bates number or otherwise. This response is clearly inadequate and the Referee will recommend that additional responses be required to identify the documents referred to by Plaintiffs.

Request Nos. 95, 96, 97, 98 and 99

Request Nos. 95-99 seek accounting reports and records such as financial statements, general ledgers, trial balances and accounting journals relating to or reflecting loans originated by Plaintiffs and sold to Defendants during the period August 1, 2006 through February 9, 2007, and correspondence with accountants relating thereto. Request No. 95 requests documents relating to the loans in question. Request No. 96 requests said documents relating to assets and liabilities. Request No. 97 requests said documents relating to loan loss reserves for the loans in question. Request No. 98 requests said documents relating to reserves for the repurchase of said

loans by Plaintiffs. Request No. 99 requests said documents relating to reserves for loans that were sold to Defendants.

Plaintiffs' operative pleadings allege the price received from Defendants for mortgage secured loans originated by Plaintiffs and sold to Defendants was negatively impacted by the manner in which these loans were managed by Defendants during the period of the Interim Agreements and the Negotiations. Defendants assert the decrease in the value of these loans was the result of mismanagement by Plaintiffs. These requests for production seek documents relating to the manner in which Plaintiffs managed the loans and correspondence between Plaintiffs and their accountants regarding the manner in which Plaintiffs were managing the loans. Plaintiffs have agreed to produce all responsive documents except the underlying accounting records. The accounting records are the source documents for the information discussed, have discovery relevance, and should be produced.

The Referee will recommend that additional responses be required.

Request No. 104

Request No. 104 seeks internal correspondence relating to information contained in any press releases issued by Plaintiffs during the period of the Negotiations. Plaintiffs' operative pleadings allege the existence of various disputes between Plaintiffs and Defendants relating to the management and servicing of the loans sold to Defendants by Plaintiffs during the Negotiations. Defendants assert that none of the press releases or public filings by Plaintiffs during the period of the Negotiations reflect any such disputes and Plaintiffs should be required to produce any internal correspondence relating to the press releases to determine whether such disputes existed, and if they did exist then why were they not disclosed in the press releases and/or public filings. The documents requested, if they exist, have discovery relevance and should be produced.

The Referee will recommend that additional responses be required.

Request No. 111

4

Request No. 111 seeks documents relating to any fraud detection software utilized by Plaintiff Encore in its origination of loans. As indicated in earlier reports, it is the contention of Plaintiffs that the value of and the price receive by Plaintiffs for the loans it sold to Defendants was negatively impacted by the substandard manner in which Defendants managed the loans in question. Defendants contend that the value of the loans decreased as a result the manner in which Plaintiffs originated and managed the loans prior to their transfer to Defendants. In this context the standards and procedures utilized by Plaintiffs' in originating the loans, including any fraud management software designed to identify fraudulent loan applications, clearly has discovery relevance. The request for "documents relating or referring to any fraud detection software" is not vague and ambiguous as asserted by Plaintiffs.

The Referee will recommend that additional responses by required.

Request No. 112

Request No. 112 seeks all documents referring to the quality of the loans originated by Plaintiffs. Defendants, in their brief supporting this request, suggest types of documents that would be responsive to this request, including, but not limited to, loan and appraisal reviews and internal correspondence relating to the credit worthiness of individual borrowers. Defendants have adequately identified the nature of the documents being requested.

The Referee will recommend that additional responses by required.

Objections

Responding Party's objection to Request No. 87 is sustained in part. All other objections offered by Plaintiffs in regard to the requests for production discussed herein are found to be without merit and should be overruled.

Time for Compliance

We are now past the discovery cut-off date in this action. Responses ordered by the Court herein should be provided quickly so as not to impair the ability of the parties to prepare

for trial. The responding parties will also require a reasonable period of time to prepare and serve the additional responses required. The recommended compliance date of July 23, 2009, reflects an effort on the part of the Referee to balance these two conflicting needs.

## RECOMMENDATION

The Report and Recommendation of the Discovery Referee/Special Master is accepted and approved. The parties, in complying with this Order, shall consider the discussion contained in the Referee's Report herein. Plaintiff ECC's objection to Request No. 87 is sustained in part. All other objections asserted by the Plaintiff ECC overruled.

As to Request for Production No. 87:

Plaintiff ECC shall provide additional responses consisting or all documents relating to Board discussions of the Interim Agreements or Negotiations between the parties regarding Defendants anticipated purchase of Plaintiffs.

As to Request for Production Nos. 88, 95-99, 104, 111 and 112:

Plaintiffs shall provide additional responses.

Compliance:

All additional responses required shall be served on or before July 23, 2009, by fax or e-mail.

Date: June 29, 2009

James L. Smith
Discovery Referee

IT IS SO ORDERED.

Date: July 2, 2009

Hon. David O. Carter
District Judge