Hon. James L. Smith (Ret.)
JAMS
500 N. State College Blvd.
14th Floor
Orange, CA 92868
Telephone: (714) 939-1300
Fax: (714) 939-8710

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PERFORMANCE CREDIT CORPORATION, f/k/a "ENCORE CREDIT CORP.", a California corporation; and ECC CAPITAL CORPORATION, a Maryland corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EMC MORTGAGE CORPORATION, a Delaware corporation; BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. SACV07-383 DOC (RNBx)<br><br>**REPORT AND RECOMMENDATION OF DISCOVERY REFEREE**<br><br>(June 6, 2009) |

The undersigned having been appointed Discovery Referee/Special Master (Referee) in the above entitled matter to consider and offer recommendations to the Court regarding discovery disputes conducted a telephonic hearing on June 4, 2009, to address discovery issues. Appearing on behalf of Plaintiffs Performance Credit Corporation (Performance) and ECC Capital Corporation (ECC) were Theodore J. Cohen, Esq., and Brian E. Shear, Esq., of the firm

1

Spolin, Silverman & Cohen, and Paul B. George, Esq., of the firm Foster Pepper LLP. Appearing on behalf of Defendants Bear Stearns Residential Mortgage Corporation (Bear) and EMC Mortgage Corporation (EMC) were Marlene C. Nowlin, Esq., and Peter H. Bales, Esq., of the firm Severson & Werson.

The following issues were addressed and will be the subject of the Report and Recommendation that follows:

1. Motion of Defendant Bear to compel further responses by Plaintiff ECC to Bear Special Interrogatories, Set 2;

2. Motion of Defendant Bear to compel further responses by Plaintiff Performance to Bear Special Interrogatories, Set 2;

3. Motion of Defendant EMC to compel further responses by Plaintiff ECC to EMC Special Interrogatories, Set 2;

4. Motion of Defendant EMC to compel further responses by Plaintiff Performance to EMC Special Interrogatories, Set 2;

5. Motion of Defendants Bear and EMC to compel further responses by Plaintiff ECC to Bear and EMC Joint Requests for Production of Documents, Set 2; and,

6. Motion of Defendants Bear and EMC to compel further responses by Plaintiff Performance to Bear and EMC Joint Requests for Production of Documents, Set 2.

Additional issues were discussed and (hopefully) resolved during the hearing and they will not be addressed in this Report and Recommendation. Having considered the submissions of the parties the Referee submits the following Report and Recommendation.

**REPORT**

The discovery which is the subject of this Report and Recommendation addresses the contentions made by Plaintiffs Performance and ECC in the Second Amended Complaint. Although six motions are addressed herein, for purposes of this discussion they can be divided into three subsets: 1) Special Interrogatories propounded by Defendant Bear to Plaintiffs ECC and Performance; 2) Special Interrogatories propounded by Defendant EMC to Plaintiffs ECC

and Performance; and, 3) Requests for Production of Documents propounded by Defendants Bear and EMC jointly to Plaintiffs ECC and Performance.

This discovery addresses one or more of the following contentions made by Plaintiffs herein:

a. Defendants Bear and EMC failed to protect Plaintiffs from early payment defaults by borrowers in breach of the agreements between the parties;

b. Defendants Bear and EMC failed to discharge their servicing obligations in accordance with the servicing standards defined in the Servicing Agreement executed by the parties;

c. the consideration received by Plaintiffs for loans sold to Defendants was negatively impacted by the decline in value of those loans as a result of Defendants' breach of the Servicing Agreement;

d. Defendants breached the Servicing Agreement by failing to act diligently to collect all payments due under the loans sold by Plaintiffs to Defendants;

e. Defendants breached the Asset Purchase Agreement between the parties by failing to securitize the loans purchased by Defendants from Plaintiffs on a monthly basis.

The interrogatories addressing each of these contentions typically request some or all of the following: facts supporting the contention; identity of witnesses with knowledge of those facts; identification of documents supporting the contention; the amount of damages being claimed as result of each breach; how the damages claimed were calculated; the amounts actually received by Plaintiffs through the sale of loans to Defendants; and, all other damages.

A brief description of the underlying business relationship between the parties may be helpful. Plaintiffs were in the business of making (originating) mortgage secured loans. Approximately 13,000 of these loans are the subject of this action. As the loans were made Plaintiffs would transfer or sell them to Defendants. Defendants would then accumulate or warehouse the loans purchased from Plaintiffs until Defendants could package a number of them in a process known as "securitization," and then sell the securitized loans in the investment market. The price received upon sale of the securitized loans, less specified amounts that were

to be retained by Defendants in compensation for their services, determined the amount ultimately received by Plaintiffs. Plaintiffs would sell the loans to Defendants, Defendants would accumulate and securitize the loans, then Defendants would sell the securitized loans in the investment market whereupon the price to be paid by Defendants to Plaintiffs would be determined and paid.

While this process was running its course the loans, from the date of their origination by Plaintiffs to the date of their sale in the market as part of a securitized investment vehicle, required servicing. Servicing the loans involved communications with borrowers as to where and when payments were to be made, monitoring to insure payments were being made, collection activities in the event of default in the making of payments, and other activities normally associated with the management of loans. Of particular concern to the parties herein was any default by the borrower in making payments, a situation that was referred to as "early payment default" (EPD). EPD was critical because the payment history had to be disclosed and if a loan was in default it would, naturally, negatively impact the value of that loan and the securitized package that it was a part of. EPDs would thereby depress the value of the security in the investment market and reduce the payment received by Plaintiffs.

Servicing, rather than an unwanted obligation, is apparently viewed in the loan industry as a profit making opportunity since fees are typically charged for this activity. In regard to servicing, the loans involved in this action can be divided into several categories. Plaintiffs contend that prior to October 1, 2006, all loans were being serviced by Plaintiffs until they were securitized and sold in the investment market. As to these loans there are no servicing issues because Plaintiffs continued to service the loans until they were sold and the amount to which Plaintiffs were entitled had been determined.

During the month of October, 2006, Plaintiffs contend the loans that had been sold to Defendants were being serviced by Defendants pending the securitization of those loans and their sale in the investment market. As to these loans Plaintiffs contend their value was reduced as a result of Defendants' breach of their obligations in regard to servicing.

Plaintiffs also allege that beginning November 1, 2006, Defendants assumed the servicing function in regard to loans that had not yet been purchased by Defendants. In dispute is the issue of whether Defendants' assumption of the servicing function as to this last category of loans was pursuant to an enforceable agreement between the parties.

Damages sought by Plaintiffs are primarily based on the reduction in market value of the securitized loans which Plaintiffs contend was caused by Defendants' breach of the various agreements between the parties.

In summary, Plaintiffs contend that Defendants are in breach of various contractual obligations in regard to the timing of Defendants' purchase of the loans in question and the manner in which Defendants serviced and securitized the loans. It is in this context the discovery issues addressed herein will be discussed.

On or about May 15, 2009, after the filing of Defendants' motions herein, Plaintiffs provided supplemental responses to some of the interrogatories and/or requests for production addressed herein. These supplemental responses have been considered by the Referee.

**1. Special Interrogatories propounded by Defendant Bear to Plaintiffs ECC and Performance.**

This motion requests additional responses be required as to Special Interrogatory Nos. 15, 16, 17, 18, 19, 20, 21, and 22 propounded by Defendant Bear to Plaintiffs. The interrogatories propounded to each plaintiff are identical and will be discussed collectively.

<u>As to Interrogatory No. 15</u>

This interrogatory seeks the loan number and closing date of each loan EMC failed to purchase on a monthly basis. The Referee finds Plaintiffs' responses and supplemental responses are sufficient and no additional responses should be required.

<u>As to Interrogatory No. 16</u>

This interrogatory seeks the loan number and closing date of each loan as to which EMC is alleged to have breached the agreements between the parties by failing to protect Plaintiffs from early payment default in breach of the agreements between the parties. The responses

expand upon the nature of Plaintiffs' allegations as to the conduct engaged in by EMC, but fail to identify the loans involved.

Subsection (a) of the interrogatory seeks facts supporting Plaintiffs' contentions in regard to the alleged breaches by EMC. Plaintiffs' responses include the assertion that the facts are the subject of ongoing expert investigation and analysis and therefore need not be disclosed. This circumstance is not an excuse for failing to disclose facts that are known to the responding party and are responsive to the interrogatory. Additional responses should be required.

Subsection (b) requests Plaintiffs identify witnesses supporting their contentions. The Interrogatories define the term "identify" as including "name address and telephone number." The responses do not provide this information or give any other information as to how each witness may be contacted. From prior hearings in this matter the Referee understands that as too many if not all of the witnesses identified the parties are well aware of their location and already are in possession of the contact information requested. The Referee will make no recommendation in regard to this response at this time.

Subsection (f) seeks the amount of money received by Plaintiffs in payment for the loans sold to EMC. Although the Plaintiffs' responses address the gross amounts received from Defendants they do not identify the subset of loans described in this interrogatory. The responses are silent in this regard and additional responses should be required.

As to Interrogatory No. 17

Interrogatory No. 17 requests the loan number and closing date of each loan as to which EMC failed to discharge its servicing obligations in accordance with the "servicing standards defined in the Servicing Agreement." Plaintiffs have made no effort to identify any of the specific loans that were the subject of the Servicing Agreement, nor did the responses indicate EMC breached its duties in regard to all of the loans. Further responses should be required.

Subsection (a) requests that each the "servicing standards" referred to by Plaintiffs in their Second Amended Complaint be identified. No specific provisions of the Servicing Agreement were identified in Plaintiffs' responses to this interrogatory. Additional responses should be required.

June 6, 2009 REPORTT AND
RECOMMENDATION OF DISCOVERY REFEREE

Subsection (b) requests the facts supporting Plaintiffs' allegations in this regard. Plaintiffs' responses consist of conclusions not supported by factual assertions. Additional responses should be required.

No response was provided as to subsections (c), (d), (e), (f), (g) and (h). Additional responses should be required.

Interrogatory No. 18

Interrogatory No. 18 seeks the loan number and closing date of each loan that substantially declined in value as a result of EMC's alleged breaches of the agreements between the parties. While Plaintiffs' responses expand upon their argument that there were such breaches and a resultant decline in value of the loans, they do not provide any loan numbers or closing dates for those loans. The references to responses to other interrogatories are generic in nature and do not specify what portion of the other responses is being incorporated into this response. Additional responses should be required.

Subsection (a) requests Plaintiffs to specify the provisions of the Servicing agreement that Bear is alleged to have breached. No effort was made by Plaintiffs to identify any of the provisions of the Servicing Agreement that were breached by Bear. Additional responses should be required.

As to Subsections (b), (c), (d), (e), (f) and (g), there are no identifiable responses other than a reference to the response to Interrogatory No. 16, and that response, as indicated above, has been found to be insufficient. Additional responses should be required.

Interrogatory No. 19

Interrogatory No. 19 seeks the loan number and closing date of each loan in regard to which EMC is alleged to have breached the Servicing Agreement by failing to act diligently to collect all payments that became due. While Plaintiffs' responses expand upon their argument that there were such breaches and a resultant decline in value of the loans, they do not provide any loan numbers or closing dates for the specific loans described in the interrogatory. The references to responses to other interrogatories are generic in nature and do not specify what

7

portions of the other responses are being incorporated into this response. Additional responses should be required.

As to Subsections (a), (b), (c), (d), (e), (f) and (g), there are no identifiable responses other than a reference to the response to Interrogatory No. 16, and that response, as indicated above, has been found to be insufficient. Additional responses should be required.

Interrogatory No. 20

This interrogatory, as modified by agreement between the parties, seeks information regarding all persons or entities who submitted borrower applications for loans funded by Plaintiffs between October 1, 2006, and March 30, 2008. Portions of the original interrogatory that made it unintelligible have been deleted.

The interrogatory, as amended, seeks information that has discovery relevance. The Referee will recommend further responses be required.

Interrogatory No. 21

This interrogatory seeks the loan number and closing date of each loan as to which EMC is alleged to have breached the agreement between the parties by failing to securitize these loans on a monthly basis. While Plaintiffs' responses expand upon their argument that there were such breaches and a resultant decline in value of the loans, they do not provide any loan numbers or closing dates for those loans. The references to responses to other interrogatories are generic in nature and do not specify what portions of the other responses are being incorporated into this response. Additional responses should be required.

As to subsections (a), (b) and (c), the responses provided by Plaintiffs are not responsive to the questions. As to subsections (d), (e), (f), (g), and (h), the references to "Supplemental Schedule A" do not specify which of the loans listed therein are being referenced or if all of the loans listed are being referenced. Additional responses should be required.

Interrogatory No. 22

This interrogatory seeks the loan number and closing date of each loan as to which EMC is alleged to have breached the agreement between the parties by failing to cause the timely securitization of such loans. Again, while Plaintiffs' responses expand upon their argument

8

that there were such breaches and a resultant decline in value of the loans, they do not provide any loan numbers or closing dates for those loans. The references to responses to other interrogatories are generic in nature and do not specify what portions of those other responses are being incorporated into this response. Additional responses should be required.

As to subsections (a), (b) and (c), the responses provided by Plaintiffs are not responsive to the questions. As to subsections (d), (e), (f), (g), (h) and (i), the references to "Supplemental Schedule A" do not specify which of the loans listed therein are being referenced or if all of the loans listed are being referenced. Additional responses should be required.

**2. Special Interrogatories propounded by Defendant EMC to Plaintiffs ECC and Performance.**

This motion requests additional responses be required as to Special Interrogatory Nos. 18, 20, 21, 22, 23, 24 and 25 propounded by Defendant EMC to Plaintiffs. The interrogatories propounded to each plaintiff are identical and will be discussed collectively. It should also be noted that the two sets of interrogatories propounded by Defendant EMC to Plaintiffs are substantially identical to the two sets propounded by Defendant Bear to Plaintiffs discussed in "1." above, however the numbers used in the Bear Interrogatories do not correspond with the numbers used in the EMC Interrogatories. The Referee has elected to deal with this situation by essentially repeating the discussion offered in regard to the Bear Interrogatories here in regard to the EMC Interrogatories with appropriate changes in the numbers identifying each interrogatory. (The Referee accepts the fact that sometimes the explanation is more difficult to understand than the problem being explained.)

Interrogatory No. 18

This interrogatory seeks the loan number and closing date of each loan EMC failed to purchase on monthly basis in breach of the agreements between the parties. The Referee finds Plaintiffs' responses and supplemental responses are sufficient and no additional responses should be required.

Interrogatory No. 19

9

This interrogatory seeks the loan number and closing date of each loan as to which EMC is alleged to have breached the agreements between the parties by failing to protect Plaintiffs from early payment default. The responses expand upon the nature of Plaintiffs' allegations as to the conduct engaged in by EMC, but fail to identify the loans involved.

Subsection (a) of the interrogatory seeks facts supporting Plaintiffs' contentions in regard to the alleged breaches by EMC. Plaintiffs' responses include the assertion that the facts are the subject of ongoing expert investigation and analysis and therefore need not be disclosed. This circumstance is not an excuse for failing to disclose facts that are known to the responding party and are responsive to the interrogatory. Additional responses should be required.

Subsection (b) requests Plaintiffs identify witnesses supporting their contentions. The Interrogatories define the term "identify" as including "name address and telephone number." The responses do not provide this information or give any other information as to how each witness may be contacted. From prior hearings in this matter the Referee understands that as too many if not all of the witnesses identified the parties are well aware of their location and already are in possession of the contact information requested. The Referee will make no recommendation in regard to this response at this time.

Subsection (f) seeks the amount of money received by Plaintiffs in payment for the loans sold to EMC. Although the Plaintiffs' responses address the gross amounts received from Defendants they do not identify the subset of loans described in this interrogatory. The responses are silent in this regard and additional responses should be required.

Interrogatory No. 20

Interrogatory No. 20 requests the loan number and closing date of each loan as to which EMC failed to discharge its servicing obligations in accordance with the "servicing standards defined in the Servicing Agreement." Plaintiffs have made no effort to identify the specific loans that were the subject of the Servicing Agreement, nor did the responses indicate EMC breached its duties in regard to all of the loans. Further responses should be required.

Subsection (a) requests that each the "servicing standards" referred to by Plaintiffs in their Second Amended Complaint be identified. No specific provisions of the Servicing

Agreement were identified in Plaintiffs' responses to this interrogatory. Additional responses should be required.

Subsection (b) requests the facts supporting Plaintiffs' allegations in this regard. Plaintiffs' responses consist of conclusions not supported by factual assertions. Additional responses should be required.

No response was provided as to subsections (c), (d), (e), (f), (g) and (h). Additional responses should be required.

Interrogatory No. 21

Interrogatory No. 21 seeks the loan number and closing date of each loan that substantially declined in value as a result of EMC's alleged breaches of the agreements between the parties. While Plaintiffs' responses expand upon their argument that there were such breaches and a resultant decline in value of the loans, they do not provide any loan numbers or closing dates for those loans. The references to responses to other interrogatories are generic in nature and do not specify what portion of the other responses is being incorporated into this response. Additional responses should be required.

Subsection (a) requests Plaintiffs to specify the provisions of the Servicing agreement that EMC is alleged to have breached. No effort was made by Plaintiffs to identify any of the provisions of the Servicing Agreement that were breached by EMC. Additional responses should be required.

As to Subsections (b), (c), (d), (e), (f) and (g), there are no identifiable responses other than a reference to the response to Interrogatory No. 16, and that response, as indicated above, has been found to be insufficient. Additional responses should be required.

Interrogatory No. 22

Interrogatory No. 19 seeks the loan number and closing date of each loan in regard to which EMC is alleged to have breached the Servicing Agreement by failing to act diligently to collect all payments that became due. While Plaintiffs' responses expand upon their argument that there were such breaches and a resultant decline in value of the loans, they do not provide any loan numbers or closing dates for the specific loans described in the interrogatory. The

references to responses to other interrogatories are generic in nature and do not specify what portions of the other responses are being incorporated into this response. Additional responses should be required.

As to Subsections (a), (b), (c), (d), (e), (f) and (g), there are no identifiable responses other than a reference to the response to Interrogatory No. 16, and that response, as indicated above, has been found to be insufficient. Additional responses should be required.

Interrogatory No. 23

This interrogatory, as modified by agreement between the parties, seeks information regarding all persons or entities who submitted borrower applications for loans funded by Plaintiffs between October 1, 2006, and March 30, 2008. Portions of the original interrogatory that made it unintelligible have been deleted.

The interrogatory, as amended, seeks information that has discovery relevance. The Referee will recommend further responses be required.

Interrogatory No. 24

This interrogatory seeks the loan number and closing date of each loan as to which EMC is alleged to have breached the agreement between the parties by failing to securitize these loans on a monthly basis. While Plaintiffs' responses expand upon their argument that there were such breaches and a resultant decline in value of the loans, they do not provide any loan numbers or closing dates for those loans. The references to responses to other interrogatories are generic in nature and do not specify what portions of the other responses are being incorporated into this response. Additional responses should be required.

As to subsections (a), (b) and (c), the responses provided by Plaintiffs are not responsive to the questions. As to subsections (d), (e), (f), (g), and (h), the references to "Supplemental Schedule A" do not specify which of the loans listed therein are being referenced or if all of the loans listed are being referenced. Additional responses should be required.

Interrogatory No. 25

This interrogatory seeks the loan number and closing date of each loan as to which EMC is alleged to have breached the agreement between the parties by failing to cause the timely

securitization of such loans. Again, while Plaintiffs' responses expand upon their argument that there were such breaches and a resultant decline in value of the loans, they do not provide any loan numbers or closing dates for those loans. The references to responses to other interrogatories are generic in nature and do not specify what portions of the other responses are being incorporated into this response. Additional responses should be required.

**3. Requests for Production of Documents propounded by Defendants Bear and EMC jointly to Plaintiffs ECC and Performance.**

This motion requests additional responses be required as to Request for Production Nos. 54, 57, 60, 63, 70, 73, 76, 77, 78 and 79. The responses provided by Plaintiffs ECC and Performance are identical and will be discussed collectively.

Request for Production No. 54

This request seeks production of "all loan files relating to each loan for which EMC breached the (Amended Loan Purchase Agreement) by not purchasing loans on a 'monthly basis' as alleged in the (Second Amended Complaint)."

Plaintiffs' responses state that all of the loan files described were delivered to Defendants on or about February 9, 2007. Plaintiffs further state they retained electronic data files (Data Files) containing information abstracted from the loan files that were delivered to Defendants. It is Defendants' contention that Plaintiffs should be required to produce copies of the Data Files.

It should be noted that the delivery of the original files on or about February 9, 2007, was prior to the commencement of this action and therefore not a part of formal discovery. Defendants, even assuming they have in their possession the original files identified by Plaintiffs as having been previously delivered to Defendants, are entitled to this production if for no other reason than to confirm that nothing was withheld from the files delivered to them.

Plaintiffs contend copies of the Data Files have previously been produced in discovery. Plaintiffs should be required to provide further responses to this request including electronic copies of the Data Files or specific references to any prior production containing the Data Files.

1 | Request for Production Nos. 57

2 This request seeks production of "all loan files relating to each loan for which EMC breached the (Amended Loan Purchase Agreement) by not (sic) failing to 'protect Performance from early payment defaults by borrows' as alleged in the (Second Amended Complaint." The parties have apparently agreed the word "not" was inserted by mistake and have treated this request as though that word has been stricken.

Plaintiffs' responses indicate prior to the commencement of this action they delivered these files to Defendants. Plaintiffs acknowledge they have in their possession electronic data files (Data Files) containing information abstracted from the loan files that were delivered to Defendants. Plaintiffs contend copies of the Data Files have previously been produced in discovery.

For the reasons set forth in the discussion of Request for Production No. 54 (above) Plaintiffs should be required to provide further responses that include copies of their Data Files or specific references to any prior discovery production containing the Data Files.

Request for Production No. 60

This request seeks production of all loan files "relating to each loan for which EMC breached the Asset Purchase Agreement by failing to securitize 'on a monthly basis' as alleged in the (Second Amended Complaint).

Plaintiffs' responses indicate prior to the commencement of this action they delivered these files to Defendants. Plaintiffs acknowledge they have in their possession electronic data files (Data Files) containing information abstracted from the loan files that were delivered to Defendants. Plaintiffs contend copies of the Data Files have previously been produced in discovery.

For the reasons set forth in the discussion of Request for Production No. 54 (above) Plaintiffs should be required to provide further responses that include copies of their Data Files or specific references to any prior discovery production containing the Data Files.

Request for Production No. 63

This request seeks production of "all documents supporting your contention that EMC breached the Asset Purchase Agreement by failing 'to cause the timely securitization' of loans in breach of the Asset Purchase Agreement as alleged in the (Second Amended Complaint)."

While the request is for all documents, the response speaks only to loan files and does not address whether there are other responsive documents in Plaintiffs' possession not included in the loan files. Plaintiffs acknowledge they have in their possession electronic data files (Data Files) containing information abstracted from the loan files that were delivered to Defendants. Plaintiffs contend copies of the Data Files have previously been produced in discovery.

For the reasons set forth in the discussion of Request for Production No. 54 (above) Plaintiffs should be required to provide further responses that include copies of their Data Files or specific references to any prior discovery production containing these files. Plaintiffs' response should also address the inference raised by their last response that responsive documents may exist that were not part of the loan files delivered to Defendants prior to commencement of this action or stored in the Data Files.

Request for Production No. 70

This request seeks production of "all loan files relating to each loan for which EMC failed to 'discharge its servicing obligations in accordance with the servicing standards' defined in the Servicing Agreement as alleged in the Second Amended Complaint."

Plaintiffs' responses indicate prior to the commencement of this action they delivered these loan files to Defendants. Plaintiffs acknowledge they have in their possession electronic data files (Data Files) containing information abstracted from the loan files that were delivered to Defendants. Plaintiffs contend copies of the Data Files have previously been produced in discovery.

For the reasons set forth in the discussion of Request for Production No. 54 (above) Plaintiffs should be required to provide further responses that include copies of their Data Files or specific references to any prior discovery production containing the Data Files.

Request for Production No. 73

This request seeks "all loan files for each loan that 'declined' in value 'substantially' as a result of EMC's servicing breaches as alleged in the (Second Amended Complaint).

Plaintiffs' responses indicate prior to the commencement of this action they delivered these files to Defendants. Plaintiffs acknowledge they have in their possession electronic data files (Data Files) containing information abstracted from the loan files that were delivered to Defendants. Plaintiffs contend copies of the Data Files have previously been produced in discovery.

For the reasons set forth in the discussion of Request for Production No. 54 (above) Plaintiffs should be required to provide further responses that include copies of their Data Files or specific references to any prior discovery production containing the Data Files.

Request for Production No. 76

This request seeks "all correspondence with all persons or entities, including mortgage brokers and account executives, who submitted borrower applications for loans (Plaintiffs) funded between October 1, 2006 and March 30, 2008."

Plaintiffs' responses indicate prior to the commencement of this action they delivered all loan files to Defendants. Plaintiffs acknowledge they have in their possession electronic data files (Data Files) containing information abstracted from the loan files that were delivered to Defendants, and the information requested herein is contained in the Data Files as to those loans. Plaintiffs contend copies of the Data Files have previously been produced in discovery.

For the reasons set forth in the discussion of Request for Production No. 54 (above) Plaintiffs should be required to provide further responses that include copies of their Data Files or specific references to any prior discovery production containing the Data Files.

Plaintiffs' responses indicate prior to the commencement of this action they delivered all loan files to Defendants. Plaintiffs acknowledge they have in their possession electronic data files (Data Files) containing information abstracted from the loan files that were delivered to Defendants, and the information requested herein may be contained in the Data Files. Plaintiffs contend copies of the Data Files have previously been produced in discovery.

1    Plaintiffs should be required to provide further responses that include copies of their
2 Data Files or specific references to any prior discovery production containing the Data Files.
3 Request for Production No. 77
4    This request seeks "all documents relating or referring to all persons or entities,
5 including mortgage brokers and account executives, who submitted borrower applications for
6 loans (Plaintiffs) funded between October 1, 2006 and March 30, 2008."
7    Plaintiffs' responses indicate prior to the commencement of this action they
8 delivered all loan files to Defendants. Plaintiffs acknowledge they have in their possession
9 electronic data files (Data Files) containing information abstracted from the loan files that were
10 delivered to Defendants, and the information requested herein is contained in the Data Files as
11 to those loans. Plaintiffs contend copies of the Data Files have previously been produced in
12 discovery.
13    Plaintiffs should be required to provide further responses that include copies of their
14 Data Files or specific references to any prior discovery production containing these files.
15 Request for Production No. 78
16    This request seeks all documents relating or referring to Friedman, Billings, Ramsey and
17 Co., Inc.
18    By agreement between the parties this request was modified to address the time period
19 January 1, 2005 through February 9, 2007. The Referee will recommend further responses be
20 required as to documents generated during this time period.
21 Request for Production No. 79
22    This request seeks all documents relating or referring to John Hamel of Friedman,
23 Billings, Ramsey and Co., Inc.
24    By agreement between the parties this request was modified to address the time period
25 January 1, 2005 through February 9, 2007. The Referee will recommend further responses be
26 required as to documents generated during this time period.
27
28

### 4. Objections

In their responses to all of the interrogatories and requests for production addressed herein the responding parties stated objections based upon the following grounds:

 a. attorney-client privilege;

 b. attorney work product;

 c. confidentiality and privacy privileges;

 d. ambiguous, vague, overly broad, unduly burdensome and oppressive;

 e. number of interrogatories exceeds the number permissible;

 f. documents requested have already been produced;

 g. documents requested contain proprietary information protected by privilege; and,

 h. request seek disclosure of opinions/conclusions of counsel and/or experts.

Objecting parties have provided no evidentiary support for any of these objections and none are of such a nature that they can be sustained without such evidence. The Referee will recommend that each all of the objections be overruled and any additional responses ordered by the Court be without objection.

### 5. Time For Compliance

Clearly the time required to provide the additional responses anticipated by the Recommendation of the Referee will be significant. Some significant hardship and burden will undoubtedly be experienced by Plaintiffs in providing the required responses. However, it should not be ignored that the discovery addressed herein has been pending since December, 2008, and the initial responses were served in February, 2009. The moving parties have been diligent in their attempts to seek an order compelling further responses, and there has been no dilatory conduct on the part of responding parties to avoid or delay the consideration of this motion. All parties have participated in a meet and confer effort to resolve the dispute without hearing.

However, the discovery cut-off date is less than two months away, and if the Court desires to preserve the existing trial date and provide the parties with a reasonable opportunity to

prepare for that trial it is imperative that the responses required by this recommendation, should it be accepted and approved by the Court, will need to be provided within a relatively short period of time. The Referee will suggest in the recommendations that additional responses be required on or before July 7, 2009. This recommendation reflects an effort on the part of the Referee to balance the importance of this discovery against the effort necessary to provide the additional responses required.

## RECOMMENDATION

The Report and Recommendation of the Discovery Referee/Special Master is accepted and approved. The parties, in complying with this Order, shall consider the discussion contained in the Referee's Report herein. All objections asserted by the responding parties are found to be unsupported and are overruled.

**As to the Motion of Defendant Bear to compel further responses by Plaintiff ECC to Bear Special Interrogatories, Set 2:**

Motion granted.

Plaintiff ECC Capital Corporation shall provide further responses without objections to Special Interrogatory Nos. 16, 17, 18, 19, 20, 21 and 22 on or before ~~July 7, 2009~~ July 23, 2009.

**As to the Motion of Defendant Bear to compel further responses by Plaintiff Performance to Bear Special Interrogatories, Set 2:**

Motion granted.

Plaintiff Performance Credit Corporation shall provide further responses without objections to Special Interrogatory Nos. 16, 17, 18, 19, 20, 21 and 22 on or before ~~July 7, 2009~~ July 23, 2009.

**As to the Motion of Defendant EMC Mortgage Corporation to compel further responses by Plaintiff ECC to EMC Mortgage Corporation Special Interrogatories, Set 2:**

Motion granted.

Plaintiff ECC Capital Corporation shall provide further responses without objections to Special Interrogatory Nos. 10, 20, 21, 22, 23, 24 and 25 on or before ~~July 7, 2009~~ July 23, 2009.

**As to the Motion of Defendant EMC Mortgage Corporation to compel further responses by Plaintiff Performance to EMC Mortgage Corporation Special Interrogatories, Set 2:**

Motion granted.

Plaintiff ECC Capital Corporation shall provide further responses without objections to Special Interrogatory Nos. 10, 20, 21, 22, 23, 24 and 25 on or before ~~July 7, 2009~~ July 23, 2009.

**As to the Motion of Defendants Bear Stearns Residential Mortgage and EMC Mortgage Corporation to compel further responses by Plaintiff ECC Mortgage Corporation to Bear Stearns Residential Mortgage and EMC Mortgage Corporation Joint Requests for Production of Documents, Set 2:**

Motion granted.

Plaintiff ECC Mortgage Corporation shall provide further responses without objections to Request for Production Nos. 54, 57, 60, 63, 70, 73, 76, 77, 78 and 79 on or before ~~July 7, 2009~~ July 23, 2009.

**As to the Motion of Defendants Bear Stearns Residential Mortgage and EMC Mortgage Corporation to compel further responses by Plaintiff Performance Credit Corporation to Bear Stearns Residential Mortgage and EMC Mortgage Corporation Joint Requests for Production of Documents, Set 2:**

Motion granted.

Plaintiff Performance Credit Corporation shall provide further responses without objections to Request for Production Nos. 54, 57, 60, 63, 70, 73, 76, 77, 78 and 79 on or before ~~July 7, 2009~~ July 23, 2009.

Date: June 6, 2009

_____
James L. Smith
Discovery Referee

IT IS SO ORDERED.

Date: ~~June~~ July 2, 2009

_____
Hon. David O. Carter
District Judge